UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE ANTHONY LEE, JERRY
DARNELL LEE,

        Plaintiffs,

                                    Case Number 05-10147-BC
v.                                   Honorable Thomas L. Ludington

MELVIN MATTHEWS, DAVID STOPPA,
VAL JOHNSON, BRADLEY COX,

        Defendants.

_____ /

## ORDER GRANTING
## DEFENDANT MATTHEWS' MOTIONS FOR SUMMARY JUDGMENT,
## DEFENDANT STOPPA'S MOTIONS FOR SUMMARY JUDGMENT,
## AND DEFENDANT JOHNSON'S MOTION FOR SUMMARY JUDGMENT,
## AND CANCELLING HEARING

On May 31, 2005, Plaintiffs Willie and Jerry Lee filed suit against four undercover state police officers involved in the Bay Area Narcotics Enforcement Team (BAYANET). Those officers are Detective Lieutenant Melvin Matthews, Detective David Stoppa, Detective Val Johnson,[1] and Trooper Bradley Cox. Plaintiffs allege violations of 42 U.S.C. § 1983 based on an allegedly unreasonable seizure and a purported use of excessive force, as well as state law claims of false imprisonment, assault and battery, and retaliatory prosecution.[2]

Plaintiffs allege that they were assaulted by Defendants. Defendants, who were conducting street operations in an unmarked car, approached Plaintiffs as they stood talking to the driver of a parked vehicle that was facing the wrong way on the street. The parties contest whether Defendants'

_____

[1]Defendant Johnson is now with the Midland City Police Department.

[2]Only Willie Lee advances the claims of excessive force and retaliatory prosecution.

clothing marked them as police officers and whether the officers announced their identity as officers.

According to the movants, Stoppa asked Willie Lee for identification, which he did not produce. Stoppa then requested, as a safety precaution, that Willie Lee remove his hands from his pockets. When he did not comply, Stoppa attempted to remove his hands by force, and then Willie Lee swung at him. Stoppa swung back, striking Willie Lee in the face. Johnson sought to assist Stoppa, and Cox grabbed Willie Lee on the side opposite of Stoppa. Those three officers forced Willie Lee to the ground. Johnson grabbed his leg, and Stoppa struck him in the back. A struggle ensued as they attempted to, and eventually succeeded in, cuffing Willie Lee. Matthews restrained Jerry Lee, who sought to assist his brother, against the parked vehicle.

Both Plaintiffs were placed under arrest and charged with disorderly conduct, and Willie Lee was charged with resisting and obstructing arrest. The charges against Willie Lee were dismissed, but they were reinstated after this lawsuit was filed. On August 31, 2006, he was then convicted of assaulting, resisting, and obstructing a police officer.[3]

On December 1, 2006, Defendants Matthews,[4] Stoppa, and Johnson filed motions for summary judgment. As of this date, Plaintiffs have filed no response, and the time for filing a response has long since expired. *See* E.D. Mich. LR 7.1(d). Defendant Cox has not filed any motion. The Court has reviewed the parties' submissions and concludes that further oral argument

---

[3]"An essential element of the crime of resisting and obstructing a police officer in the discharge of his duty is that the officer must have been carrying out lawful duties." *People v. Simposon*, 526 N.W.2d 33, 35 (Mich. Ct. App. 1994) (citations omitted).

[4]Defendant Matthews filed his motion in the alternative, also seeking judgment on the pleadings or relief under Federal Rule of Civil Procedure 12(b)(6), but he includes fourteen exhibits. The Court, thus, construes this motion one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b).

will not aid in the disposition of the motions.  Accordingly, it is **ORDERED** that the motions be

decided on the papers submitted.  *See* E.D. Mich. LR 7.1(e)(2).

Defendants Matthews, Stoppa, and Johnson contend that they responded to classic drug

dealing activity based on years of police experience.  They sought to investigate two men speaking

to a person in a car faced the wrong direction in a high crime area.  Although Defendants' legal

conclusion that the events constituted a legitimate arrest based on probable cause could be

susceptible to challenge,[5] Plaintiffs have made no such challenge.  The reasonableness of that arrest

or stop is a question of fact, and without a countervailing version of the facts – supported by

admissible evidence as required at this juncture in the proceedings – Defendants' contention that

they acted reasonably under the circumstances goes uncontradicted.  Consequently, Defendants

Matthews, Stoppa, and Johnson receive qualified immunity for their actions, because a plaintiff

bears the burden of showing that a defendant is not entitled to qualified immunity, once that defense

is raised.[6]  *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2001) (citation omitted).

Also, the suit against Defendants Matthews, Stoppa, and Johnson in their official capacities

---

[5]The Supreme Court has permitted warrantless arrests in a public place upon probable cause. *See United States v. Watson*, 423 U.S. 411, 427 (1976) (Powell, J., concurring).  Although courts have avoided providing a precise definition for a concept as fluid and practicality-driven as "probable cause," *see Illinois v. Gates*, 462 U.S. 213 (1983), the Seventh Circuit has noted the importance of recognizing the expertise of trained officers in identifying drug transactions. *See United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) (citing 2 Wayne R. LaFave, Search and Seizure § 3.2(c), at 38 (3d ed. 1996)).  Also, in determining whether a police officer acted reasonably in conducting a search for weapons as a safety precaution, "due weight must be given . . . to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

[6]Denying summary judgment at any time that a material issue of fact remained on the underlying claim would diminish the effectiveness of qualified immunity, i.e., the benefit of avoiding excessive disruption of the government and permitting insubstantial claims to be resolved on summary judgment.  *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).

cannot succeed, because even Plaintiff's complaint contains no allegation of a policy or custom imputed to the Michigan State Police.  *See Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978)*;Scarbrough v. Morgan County Bd. of Education*, 470 F.3d 250, 261 (6th Cir. 2006) (citation omitted).  The remaining state law claims provide no basis for the exercise of federal jurisdiction. *See* 28 U.S.C. § 1367.  Thus, summary judgment for Defendants Matthews, Stoppa, and Johnson is warranted; indeed, Plaintiffs have made no attempt to oppose summary judgment.

Accordingly, it is **ORDERED** that Defendant Matthews' motions for summary judgment [dkt ##31, 32] are **GRANTED**.  Defendant Matthews is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant Stoppa's motions for summary judgment [dkt ##33, 34] are **GRANTED**.  Defendant Stoppa is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant Johnson's motion for summary judgment [dkt #30] is **GRANTED**.  Defendant Johnson is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the hearing set for **March 12, 2007** at 3 p.m. is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 8, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS